Scott M. NISWONGER, etc., Plaintiff,

v.

AMERICAN AVIATION, INC., et al., Defendants.

Civ. A. No. 3148.

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 25, 1975.

See also D.C., 411 F.Supp. 763.

Carleton W. Smith, Greeneville, Tenn., for plaintiff.

O. C. Armitage, Jr., William W. Tweed, Greeneville, Tenn., R. Thomas Stinnett, and Harold B. Stone, Knoxville, Tenn., for defendants.

## MEMORANDUM OPINION

NEESE, District Judge.

This is an action in which the plaintiff Mr. Scott M. Niswonger, doing business as Greeneville Air Service (Service), seeks a declaration[1] that a certain lease

1. The Court limited the issue on trial to whether Service is entitled to a judicial declaration that such contract is void, together with the collateral issues, whether space is now availa-

indenture between the defendant American Aviation, Inc. (American) and the Greeneville-Greene County, Tennessee airport authority (authority)[2] is void as violative of a federal funding statute. 49 U.S.C. § 1349(a). Trial was to the Court on June 3, 1975.

The Court makes the following findings of fact:

1. Service is a licensed air-taxi commercial (or C–135) operator.

2. American is a general fixed-base operator at the Greeneville, Tennessee municipal airport (airport).

3. The authority is a duly constituted public body and an agent of its codefendants the Town of Greeneville, Tennessee (Greeneville) and Greene County, Tennessee (county), charged with the responsibility of overseeing the airport.

4. Greeneville and the county are municipal corporations, organized, existing and operating under the laws of Tennessee.

5. The airport is an air-navigation facility, and such facility and landing areas upon it were constructed with federal funds.

6. By the aforementioned lease indenture of June 16, 1969, the authority leased to American exclusively all the then available facilities suitable for aeronautical activities and evinced thereby an intention to exclude therefrom all other general fixed-base operators.

7. Additional ramp space was constructed by the authority with nonfederal funds and put to use in 1974 in its operations by American.

8. There is now available at the airport space for an additional qualified general fixed-base operator,[3] and American has been granted by the authority, Greeneville and the county more area at such airport than American can actually use reasonably in its existing operations.[4]

9. Air Service applied to the authority in September, 1973 to become an additional general fixed-base operator at the airport. The authority did not consider such application, because all the ramp space then existing at the airport was leased to American.[5]

10. American advised the authority of its intention to exercise, under the terms of the aforementioned indenture, its right of renewal thereof.

 The Court concludes legally, as follows:

A. This Court has jurisdiction of the subject matter and of the parties. 28 U.S.C. §§ 1331, 1337, 2201; see memoranda opinions and orders herein of August 1, 1974, March 4, and June 2, 1975.

B. " * * * There shall be no exclusive right for the use of any landing area or air navigation facility upon which [f]ederal funds have been expended. * * *" 49 U.S.C. § 1349(a).

C. An exclusive right for the use of a landing area or air navigation facility upon which federal funds have been expended encompasses " * * * a power, privilege, or other right excluding or denying another from enjoying or exercising a like power, privilege or right. An exclusive right * * * conferred on one or more parties but excluding others from enjoying or exercising a similar right or rights * * *" is an exclusive right. "* * * The leasing of all available airport land or facilities suitable for aeronautical activities to a sin-

---

ble at such airport for an additional fixed-base operation, and whether American has been granted the exclusive use of more area at the airport than it can use reasonably in its current operations.

2. The defendants the Town of Greeneville, Tennessee and Greene County, Tennessee were also parties to such agreement.

3. The end of a public roadway and an existing fence separate a portion of the airport property from existing ramp spaces. It was not demonstrated that these barriers could not reasonably be eliminated.

4. Although there have been occasional times when users of aircraft experienced slight delays in their movements thereof to and from takeoff and landing areas because of congested traffic thereon, such delays are not encountered generally.

5. State Rep. Joe L. Bewley, chairman of the authority since its inception, conceded such to be the reason for the authority's inaction.

gle enterprise * * * [is] * * * evidence of an intent to exclude others. * * * The amount of space leased to a single enterprise should be limited to that for which it can clearly demonstrate an actual, existing need. * * *" Department of Transportation, Federal Aviation Administration, advisory circular no. 150/5190–2A of April 4, 1972.

D. 49 U.S.C. § 1349(a) was enacted from considerations of public concern and subserves the general welfare.

E. 49 U.S.C. § 1349(a) cannot be abrogated or circumvented by private agreement of American and the authority. 17 C.J.S. 1001 Contracts § 201.

F. The lease indenture of June 16, 1969 between American and the authority violates 49 U.S.C. § 1349(a), a statute enacted for the protection of the public, in so far as it grants American the exclusive right for the use of the landing area and the air navigation facility at the airport.

G. A substantial controversy between parties having adverse legal interests is presented herein, wherein the relief sought is a reality requiring an immediate determination, so that the circumstances warrant the issuance of a declaratory judgment. *City of Tullahoma, Tenn. v. Coffee County, Tenn.*, D.C.Tenn. (1962), 204 F.Supp. 794, 797[1], reversed on other grounds, C.A. 6th (1964), 328 F.2d 683; see also *In Re Wilson*, D.C. Tenn. (1970), 314 F.Supp. 271, 272[3].

Judgment will enter, therefore, that the leasehold indenture of June 16, 1969 between American and the authority, Greeneville and the county is violative of 49 U.S.C. § 1349(a), to the extent that it grants to American the exclusive right for the use of the landing areas and air navigation facility on the real property described therein; that to such extent it is void and inoperable; and that it may not be renewed by the parties thereto with such grant of exclusive right included therein.