**In the Matter of Perley Louis WILSON, Petitioner.**

**Misc. No. 45.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 24, 1970.

## MEMORANDUM OPINION

C. G. NEESE, District Judge.

The petitioner Mr. Wilson lodged with the clerk of this Court on April 17, 1970 a petition " * * * to file complaint for absolute divorce * * * " in this Court, or alternatively, for a declaration that T.C.A. § 20–1629, limiting the prosecution of a suit in Tennessee on the pauper's oath to residents of this state, is unconstitutional, and for an injunction against its operation and enforcement. Mr. Wilson seeks authorization of this Court to commence and prosecute this action in forma pauperis. 28 U.S.C. § 1915(a).

" * * * The statutory benefit of 28 U.S.C. § 1915, enabling a party, under some circumstances, to proceed in forma pauperis in civil actions in the federal courts, is conferred as a privilege only, not as a matter of right. * * *

" * * * Whether to grant or deny the benefit rests within the discretion of the District Court. * * * " Williams v. Field, C.A.9th (1968), 394 F.2d 329, 332 [1], [2], certiorari denied (1968), 393 U.S. 891, 89 S.Ct. 213, 21 L.Ed.2d 171.

" * * * It is the duty of the District Court to examine any application for leave to proceed *in forma pauperis* to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis. * * * " Smart v. Heinze, C.A.9th (1965), 347 F.2d 114, 116 [2], certiorari denied (1965), 382 U.S. 896, 86 S.Ct. 192, 15 L.Ed.2d 153.

■■ The Constitution of the United States confers no power whatever on the national government to regulate the dissolution of marriage in the states, Andrews v. Andrews (1903), 188 U.S. 14, 32–33, 23 S.Ct. 237, 240–241, 47 L. Ed. 366, 369–370, and thus federal courts have no jurisdiction of an action for divorce, Ohio ex rel. Popovici v. Agler (1930), 280 U.S. 379, 383, 50 S.Ct. 154, 155, 74 L.Ed. 489, 497–498 (headnote 3); De la Rama v. De la Rama (1906), 201 U.S. 303, 307, 26 S.Ct. 485, 486, 50 L.Ed. 765, 767 (headnote 1).

■ It is only where a substantial controversy between parties having adverse legal interests is presented, wherein the relief sought is a reality requiring an immediate determination, that the circumstances warrant the issuance of a declaratory judgment. 28 U.S.C. § 2201; City of Tullahoma, Tenn. v. Coffee County, Tenn. (D.C.1962), 204 F. Supp. 794, 797 [1], citing Maryland Casualty Co. v. Pacific Coal & Oil Co. (1941), 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826, reversed on other grounds, C.A.6th (1964), 328 F.2d 683.

An injunction restraining the operation and enforcement of a state statute, by restraining the action of an officer, or officers, of such state in the enforcement of such statute, may not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute, unless the application therefor is heard and determined by a district court of three judges under 28 U.S.C. § 2284. 28 U.S.C. § 2281. The district judge to whom the application for injunction is presented constitutes one member of such district court of three judges. 28 U.S.C. § 2284 (1). Any one of the three judges of the court may perform all functions, conduct all proceedings except the trial, and enter all orders required or permitted by the rules of civil procedure. 28 U.S.C. § 2284(5).

■ The claims of Mr. Wilson are that he is a pauper, that he is not a resident of the state of Tennessee, and that he has no available remedy under Tennessee law, in that an affidavit of poverty under T.C.A. § 20–1629 is limited by the decisional law of Tennessee, Hamby v. Northcutt (1940), 25 Tenn.App. 11, 14 [1], 149 S.W.2d 484, certiorari denied (1941), to those persons who are residents of Tennessee. He claims further that the following "federal questions" are presented:

"1. Is the Tennessee [C]ode [A]nnotated, § 20–1629 unconstitutional when the State linits [sic: limits] access to its civil courts and particulary [sic: particularly] in this instance, to its divorce courts, by the requirement that a pauper be a resident of said state, or in liew [sic: lieu] thereof, the requirement of a filing fee or other fees which effectively bar indigent [n]onresident persons from commencing actions therein?

"2. Should the [s]tate Court be required to waive court fees for this indigent petitioner?

"3. Should the [s]tate Court be required to pay for other quite [sic] essential costs, which are not now provided for by the [s]tate for private litigants, such as process service fees, or service by publication, investigative and legal services?"

The petitioner includes in his application interesting arguments concerning the classification by Tennessee of "* * * prospective civil suitors * * *", which he claims is violative of the equal protection and due process clauses of the Fourteenth Amendment to the federal Constitution. However, it is patently clear that, under no circumstances, could this Court acquire jurisdiction of his action for a divorce, and that there is no substantial controversy presented between Mr. Wilson and any other party, wherein the relief sought is a reality requiring an immediate determination. Accordingly, it hereby is found that the proposed proceeding lacks merit, and this Court hereby denies Mr. Wilson's application to proceed herein in forma pauperis.

As the petitioner seeks, as a part of his requested alternative relief, an injunction restraining the operation and enforcement of a state statute; and, as on the filing of such an application, the district judge to whom such an application is presented is required to so notify immediately the chief judge of the circuit, 28 U.S.C. § 2284(1), the clerk of this Court shall serve upon Honorable Harry Phillips, Chief Judge, United States Court of Appeals for the Sixth Circuit, United States Courthouse, Cincinnati, Ohio 45202, by United States mail, a copy of this memorandum opinion, including the reasons of the undersigned for not requesting the constitution of a district court of three judges herein.