Dorothy and George LHOTAN as next
friends of Cheryl and Patricia
Wallace, Petitioners,

v.

Joseph D'ELIA, Commissioner of the
Nassau County Department of
Social Services, Respondent.

No. 76 C 1091.

United States District Court,
E. D. New York.

June 30, 1976.

Marcia Robinson Lowry, New York City,
for petitioners.

James M. Catterson, Jr., County Atty. of
Nassau County, Mineola, N. Y., for respon-
dent, by James N. Gallagher, Deputy Coun-
ty Atty., Mineola, N. Y., of counsel.

Seligman & Stein, Mineola, N. Y., for
natural parent.

BRUCHHAUSEN, Senior District Judge.

The petitioners apply to this Court for a
Writ of Habeas Corpus whereby they seek
an order, directing the respondent to place
Cheryl and Patricia Wallace as foster chil-
dren in the home of the petitioners, Doro-
thy and George Lhotan, or, in the alterna-
tive, directing respondent to discharge the
children from custody so that they may live
with the petitioners.

The respondent moves to dismiss the peti-
tion upon the following grounds, i. e.

1. The Federal courts have consistently
rejected Federal jurisdiction over the entire
area of domestic relations.

2. This proceeding is barred by res adju-
dicata.

### FEDERAL COURTS DO NOT ADJUDI-
CATE CASES INVOLVING CUSTO-
DY OF MINORS OR RIGHT OF VISI-
TATION.

In *Hernstadt v. Hernstadt*, 373 F.2d
316, Circuit 2, the Court stated:

"Since the very early dicta *In re Burrus*,
136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500
* * * it has been been uniformly held
that federal courts do not adjudicate
cases involving the custody of minors
and, *a fortiori*, rights of visitation."

In *State of Ohio, ex rel. Popovici v.
Agler*, 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed.
489, the Court stated:

"It has been understood that, 'the whole
subject of the domestic relations of hus-
band and wife, parent and child, belongs
to the laws of the States and not to the
laws of the United States.'"

### THIS PROCEEDING IS BARRED BY
RES ADJUDICATA (PRIOR
ADJUDICATION).

In *Lombard v. Board of Education
of City of New York*, 502 F.2d 631, 636, 2
Cir., the Court stated:

"Of course, where a constitutional issue is actually raised in the state court, * * the litigant has made his choice and may not have two bites of the cherry."

In *Newman v. Board of Education of the City School District of New York*, 508 F.2d 277, 278, 2 Cir., certiorari denied by the United States Supreme Court, the court stated:

"We believe that Lombard (supra) controls both the res adjudicata and due process questions."

The petitioners present claims have been presented and adjudicated in the Supreme Court of the State of New York, the Appellate Division, Second Department, *Wallace v. Lhotan*, 51 A.D.2d 252, 380 N.Y.S.2d 250 and the New York State Court of Appeals.

The petitioners, the Lhotans, in their brief, submitted to the New York State Court of Appeals, set forth, in part, viz:

"Respondents-Appellants (the Lhotans) have an appeal as of right, pursuant to C.P.L.R. § 5601(b)(1) because a constitutional question was directly involved in the decisions below.

"A. A Constitutional Question was directly involved in the decisions below.

"The decision by the Appellate Division, Second Department, dated February 23, 1976, affirmed two decisions by the Nassau County Supreme Court, dated June 27, 1975, and October 27, 1975. An analysis of both the Supreme Court decisions and the Appellate Division opinion demonstrates that the courts applied a standard which violates the due process clause of the Fourteenth Amendment."

The New York State Court of Appeals by order, dated April 6, 1976, dismissed the petitioners appeal.

### SUMMARY

1. Federal courts do not adjudicate cases involving the custody of minors or right of visitation. That is the function of the States.

2. All of the issues herein, including due process, have been adjudicated by the State courts.

Upon due deliberation, it is

ORDERED that the petition be and it is hereby dismissed.