**Novaline UMBER, Appellant,**

v.

**Herbert L. UMBER, Appellee.**

**No. 50927.**

Supreme Court of Oklahoma.

Feb. 20, 1979.

---

**300**

Quinton R. Tipton, Carnegie, for appellant.

Pain & Garland by John W. Garland, Anadarko, for appellee.

HODGES, Justice.

The principal question on appeal is whether the trial court properly determined that federal social security benefits received by the appellee were his separate property and not subject to division as property settlement in a divorce proceeding.

The parties owned and operated a pharmacy. The appellant, Novaline Umber, was a registered pharmacist and the appellee, Herbert L. Umber, managed the pharmacy. The wife did not receive a salary, although she worked four or five hours per day. Social security taxes were paid on the husband's income. The wife did not request,

nor did she receive alimony; the assets of the parties were equally divided. The appellant requested a division of appellee's social security benefits because she had contributed to the payment of FICA taxes by her joint industry in the store. The trial court refused to consider the benefits in its determination of property settlement.

Appellant argues that the appellee's social security basis was from business profits, and that she directly contributed earnings which were the foundation for social security benefits.[1] Appellant relies on *Baker v. Baker, 546 P.2d 1325 (Okl.1975)* in which this Court held that the husband's military pension could not be treated as property acquired during coverture for the purpose of property division.[2]

I

This is a case of first impression in this jurisdiction.[3] The identical question was considered recently by California in *In Re Marriage of Nizenkoff, 65 Cal.App.3d 136, 135 Cal.Rptr. 189 (1977) rev'd.* and collaterally discussed by the United States Supreme Court in *Hisquierdo v. Hisquierdo,* —— *U.S.* ——, *99 S.Ct. 802, 59 L.Ed.2d 1 (1979).*[4]

In *Flemming v. Nestor, 363 U.S. 603, 611, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960)* the United States Supreme Court rejected the argument that the Social Security Act created either property or contract rights. The Court held that the Act created a public benefit which could be reduced or altered if there was a logical basis for doing

---

1. The appellant testified that she merely worked in the store; her husband managed the drug store, she was not in a managerial position. A different result could possibly have been reached had she managed the pharmacy. It is provided by 20 CFR § 404.1057 (1977) that taxes paid on self-employment income presumptively belong entirely to the husband unless the wife exercises, in fact, substantially all of the management and control of the trade or business.

2. In *Baker v. Baker, 546 P.2d 1325 (Okl.1975)* the Court said:
   . . . [the cases] . . . are to the effect that pension of a husband may be con-

sidered in determining amount of alimony for support. All of these cases would, by implication, rule out the consideration of a pension as property acquired during coverture and subject to division between the parties.

3. See Annot., "Pension of Husband as Resource which Court May Consider in Determining Amount of Alimony," 22 A.L.R.2d 1421 (1952) for authority from other jurisdictions.

4. See also Reppy, "Community and Separate Interests in Pensions and Social Security Benefits after Marriage of Brown and Erisa," 25 U.C.L.A.L.Rev. 417 (1978).

so. The Court's rationalization was based on 1) the social security system is a tax and 2) 42 U.S.C. § 1304[5] reserves the right to alter or repeal any provision of the Act which is not arbitrary. It was determined that § 1304 was essential to secure the flexibility of the system.

The state has a constitutional right to declare and maintain a policy regarding marriage and divorce concerning persons domiciled within its borders.[6] Federal courts have repeatedly refused to assert jurisdiction over divorces if no federal questions are presented.[7] However, the interpretation of the Social Security Act is not to be determined by deviations and idiosyncrasies of the various jurisdictions.[8]

The Court in *Hisquierdo* determined that the pertinent questions to be considered are: whether the right of the spouse to benefits conflicts with the express terms of federal law; and whether its consequences sufficiently injure the objectives of the federal program to require non-recognition. Social Security benefits are not contractual. Congress may alter or even eliminate them at any time. Taxes paid on behalf of an employee do not necessarily correlate with the benefits to which an employee may be entitled, and benefits have traditionally been protected from creditors and tax collectors.

The primary concern in *Hisquierdo* was the Railroad Retirement Act Plan. However, social security benefits were simultaneously discussed. The Court acknowledged that with the enactment of 42 U.S.C. § 659, notwithstanding any contrary law, social security benefits could be reached to satisfy a legal obligation for child support or alimony.[9] It was also recognized that in 1977, Congress enacted a definitional statute,[10] which related to § 659 and limited alimony to its classic canonical definition of spousal support. The statute specifically precluded payment of property settlement within the definition of alimony.

■ Social Security provides for certain divorced spouses, and the statutes compel the conclusion that Congress intended to specify the distribution of benefits between spouses at the time of divorce, thus placing such questions beyond state control.[11] It is not the province of state courts to reach a

---

5. It is provided by 42 U.S.C. § 1304:
   "The right to alter, amend, or repeal any provision of this chapter is reserved to the Congress."

6. *In Re Burrus, 136 U.S. 586, 593–94, 10 S.Ct. 850, 34 L.Ed. 500; Williams v. Williams, 543 P.2d 1401, 1403 (Okl.1976); cert. den'd. 426 U.S. 901, 96 S.Ct. 2220, 48 L.Ed.2d 826 (1976).*

7. *Ohio v. Agler, 280 U.S. 379, 383, 50 S.Ct. 154, 74 L.Ed. 489 (1930).*

8. *Wissner v. Wissner, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950).*

9. It is provided by 88 Stat. 2357, 42 U.S.C. § 659:
   "Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support to make alimony payments.

10. The definitional statute, Pub. L. 95–30, Tit. V, § 501(d), 91 Stat. 160 provides:
    "(c) The term 'alimony', when used in reference to the legal obligations of an individual to provide the same, means periodic payments of funds for the support and maintenance of the spouse (or former spouse) of such individual, and (subject to and in accordance with State law) includes but is not limited to, separate maintenance, alimony pendente lite, maintenance, and spousal support; such term also includes attorney's fees, interest, and court costs when and to the extent that the same are expressly made recoverable as such pursuant to a decree, order, or judgment issued in accordance with applicable State law by a court of competent jurisdiction. *Such term does not include any payment or transfer of property or its value by an individual to his spouse or former spouse in compliance with any community property settlement, equitable distribution of property, or other division of property between spouses or former spouses."* [Emphasis supplied]

11. P. Martin, "Social Security Benefits For Spouses," 63 Cornell L.Rev. 789, 835 (1978).

**302**

result different from the one Congress intended. Social Security benefits are not an item to be considered in determination of property settlement; they are the separate property of the employee-spouse. To decide otherwise would seriously interfere with the express statutory scheme of the Social Security Act and is forbidden by the supremacy clause of the United States Constitution, Art. VI § 2.[12]

**II**

Appellee, in his cross-petition, asserts that the trial court abused its discretion in failing to set aside to him certain property which he owned prior to the marriage of the parties.

It was undisputed that at the time of the marriage appellee had at least $25,000.00 which he had received from the sale of a drug store. Appellant brought $3,700.00, in addition to an automobile and certain items of furniture, to the marriage. The funds were commingled and utilized to purchase a pharmacy. In order to operate the pharmacy, it was essential that one of the parties be a registered pharmacist. Appellant obtained her pharmacy degree and worked in the store. Although the appellant did not receive a salary from the pharmacy, she actively contributed to the accumulation and enhancement of the marital estate. As the result of the joint industry of the parties, $150,000.00 was accumulated over the twenty year period of the marriage.

In our opinion the property acquired before marriage lost its character as a separate property, and we find the trial court did not abuse its discretion in dividing the property on an equal basis.[13]

AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES, DOOLIN, HARGRAVE and OPALA, JJ.

SIMMS, J., concurs in part, dissents in part.

**12.** *Hisquierdo v. Hisquierdo,* —— U.S. ——, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979).

**13.** This Court will not set aside the judgment of the trial court in the absence of a showing of an abuse of discretion. See *Phillips v. Phillips,* 556 P.2d 607, 610 (Okl.1976).