James Z. YELVERTON, Jr., Petitioner,

v.

Betty Ann YELVERTON a/k/a Betty Ann Bates, Respondent.

Civ. No. F 85–322.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Aug. 6, 1985.

James Z. Yelverton, Jr., pro se.

### ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on petitioner's motion to proceed in forma pauperis received July 29, 1985. Petitioner wants this court to grant his motion so that he may file a diversity action against the proposed respondent for the alleged infliction of emotional distress caused by the proposed respondent's attempts to keep the petitioner's daughter from communicating with him. For the following reason, the motion to proceed in forma pauperis will be denied.

█ Petitioner is proceeding *pro se.* *Pro se* pleadings are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The district court's role is to ensure that the claims of *pro se* litigants are given "fair and meaningful consideration." *Matzker v. Herr,* 748 F.2d 1142, 1146 (7th Cir.1984); *Caruth v. Pinkney,* 683 F.2d 1044, 1050 (7th Cir.1982). This court also recognizes that federal courts have historically exercised great tolerance to ensure that an impartial forum remains available to plaintiffs invoking the jurisdiction of the court without the guidance of trained counsel. *Pro se* motions and complaints such as the petitioner's are held to less stringent pleading requirements; rigor in the examination of such motions, complaints and pleadings is inappropriate.

█ A district court may examine the merits of a suit on a motion to proceed in forma pauperis before the issuance of summons. *Wartman v. Milwaukee County Court,* 510 F.2d 130 (7th Cir.1975); *Ballentine v. Crawford,* 563 F.Supp. 627 (N.D. Ind.1983). Construed liberally, the proposed complaint attempts to set forth a single cause of action for intentional infliction of emotional distress. The facts of the proposed complaint indicate that the petitioner and the proposed respondent were married to each other and had a daughter named Letisha in 1977 while the couple was living in Pennsylvania. At some point in January, 1978, the proposed respondent Betty Ann Yelverton apparently left the petitioner and took Letisha with her. No formal divorce or legal separation was ever filed or entered into, and the proposed respondent has successfully prevented the petitioner from communicating with his daughter since January, 1978. Petitioner therefore argues that this interference with his relationship with his daughter constitutes an intentional infliction of mental distress, and the petitioner seeks to file this diversity action seeking $50,000.00 in damages.

█ The court concludes that it would not have jurisdiction over this case if it were filed as a diversity action. Courts have long recognized a "domestic relations exception" to the subject matter jurisdiction of federal courts. This exception is deeply rooted and stems from the belief that domestic relations matters, being of local concern, are best left to the jurisdictional province of state courts. *See, e.g., Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979); *Ohio ex rel.*

**530**

Popovici v. Agler, 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed. 489 (1930); Barber v. Barber, 21 How. 582, 62 U.S. 582, 16 L.Ed. 226 (1858); Schleiffer v. Meyers, 644 F.2d 656, 663 (7th Cir.), cert. denied, 454 U.S. 823, 102 S.Ct. 110, 70 L.Ed.2d 96 (1981); Brown v. Brown, 541 F.Supp. 688, 693 (N.D.Ind. 1982). The exception applies in diversity cases only. Flood v. Braaten, 727 F.2d 303, 307 (3d Cir.1984); Wright, Miller & Cooper, Federal Practice and Procedure § 3609 (1975). While the exception does not require that federal courts avoid all diversity cases which have intrafamily or domestic aspects, see Bennett v. Bennett, 682 F.2d 1039 (D.C.Cir.1982), a federal court may not take jurisdiction over a case if it would require it to grant a divorce, determine alimony or support obligations, or resolve parental conflicts over the custody of their children. See In re Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 1500 (1890); Bennett, 682 F.2d at 1043; Wasserman v. Wasserman, 671 F.2d 832, 834 (4th Cir. 1982); Sutter v. Pitts, 639 F.2d 842, 843 (1st Cir.1981).

The court finds that if it were to take jurisdiction of this case, it would necessarily be forced to make determinations concerning the petitioner's and the proposed respondent's rights concerning custody and visitation of Letisha Yelverton. As alleged in the proposed complaint, no divorce decree or separation agreement has been issued by any court of law, so that the visitation and custody rights of Letisha's parents are currently undetermined. To determine whether or not the proposed respondent's actions in preventing communication between the petitioner and Letisha was tortious (as alleged in the complaint), the court would necessarily have to determine those rights and whether or not the proposed respondent violated those rights. This is not a case where custody rights have been established by some state court, so that violation of the rights may in fact give rise to a cognizable claim in federal court. See Heartfield v. Heartfield, 749 F.2d 1138 (5th Cir.1985); Flood v. Braaten; Bennett. Here, there is no state custody or visitation decree at issue; no prior determination of rights has been made. Thus, any ruling on the propriety of the proposed respondent's actions would necessarily involve this court in determining custody and visitation rights, an act which the domestic relations exception specifically prohibits this court from doing.

■ The fact that the petitioner has couched the complaint in terms of a tort does not alter this conclusion, because the essence of the claim is a domestic relations dispute. See Sutter v. Pitts, 639 F.2d 842, 844 (1st Cir.1981). Nor does petitioner's proposed complaint make out a federal question under 28 U.S.C. § 1738A, sometimes known as the Parental Kidnaping Prevention Act. That section only attempts to prevent inconsistent and conflicting state court custody decrees from preventing a final determination of the rights of the parents involved. Section 1738A was designed to prevent the type of conflict present in Flood v. Braaten, 727 F.2d 303 (3d Cir.1984), where two state courts had entered custody decrees and refused to recognize each other's judgment. A federal court in the Flood situation can take jurisdiction of such a dispute, but because no state custody decree has been alleged here, § 1738A simply does not apply.

In short, the petitioner's proposed complaint alleges a dispute which is distinctly a domestic relations matter, and the domestic relations exception to the subject matter jurisdiction of this court would require the dismissal of this action pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. Thus, the proposed complaint would fail on its merits, and for this reason, the court hereby DENIES the motion to proceed in forma pauperis.