Richard Alan **EBERHARDT**, Plaintiff,

v.

Laurel **EBERHARDT**, Defendant.

In the Interest of Kyle Jeffrey
EBERHARDT and Chad
Michael Eberhardt.

Civ. A. No. 87–F–1057.

United States District Court,
D. Colorado.

Oct. 12, 1987.

Clifton J. Carney, Jr., Boulder, Colo., for plaintiff.

C.J. Pollara, Lakewood, Colo., for defendant.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12 of the Federal Rules of Civil Procedure. Plaintiff argues that the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. § 1738A, confers jurisdiction to federal courts over this matter. After careful review of the parties' pleadings and the relevant case law, we must disagree. Defendant's motion to dismiss is GRANTED.

## FACTS

The parties in this action were married September 20, 1975, in Montgomery, New York. Two children were born to the marriage, Kyle Jeffrey Eberhardt, born February 18, 1978, and Chad Michael Eberhardt, born March 17, 1980.

The Eberhardts separated in November, 1982. Defendant Laurel Eberhardt ("Laurel") moved out of the family residence with the two children. The parties did not enter into a separation agreement, however, and neither party initiated custody or dissolution proceedings.

In February, 1983, plaintiff Richard Eberhardt ("Richard") took his children from New York and relocated with them to Lafayette, Colorado, where the three lived openly and continuously until June, 1985.

In May, 1985, Laurel obtained an *ex parte* temporary custody order from the Family Court of Orange County, New York, awarding her temporary custody of the boys. This order was not entered in any Colorado court. Pursuant to the New York order, Lafayette police took physical custody of the children on June 6, 1985. Custody was then transferred to Laurel, who returned to New York with the children. To date, the children remain in Laurel's physical custody in New York.

On March 3, 1987, the Boulder County District Court, after first finding that Colorado had jurisdiction over the children pur-

suant to the Uniform Child Custody Jurisdiction Act, entered an order awarding sole custody of the two boys to Richard.

## ANALYSIS

▮ Plaintiff filed this complaint for declaratory and injunctive relief on July 20, 1987. He asserts that the Court has jurisdiction to determine the validity of the two conflicting state court custody decrees pursuant to section 1738A of the Parental Kidnapping Protection Act. Section 1738A requires that a state court accord full faith and credit to another state's child custody determination made in compliance with the provisions of the statute. Plaintiff argues that this section confers jurisdiction upon federal district courts to resolve disputes between conflicting state custody decrees.

We find to the contrary, and we conclude that the PKPA does not confer jurisdiction upon federal courts to decide such matters. Although the Tenth Circuit has not yet addressed this issue, we believe that the better view is that Congress did not intend section 1738A to grant jurisdiction to the federal courts. Several circuit courts, after carefully examining the language of the statute and its legislative history, have so held. *See Rogers v. Platt*, 814 F.2d 683 (D.C.Cir.1987); *Thompson v. Thompson*, 798 F.2d 1547 (9th Cir.1986) (per curiam), *cert. granted*, —— U.S. ——, 107 S.Ct. 946, 93 L.Ed.2d 996 (1987); *Lloyd v. Loeffler*, 694 F.2d 489, 493 (7th Cir.1982) (in dicta). *But see Meade v. Meade*, 812 F.2d 1473 (4th Cir.1987); *McDougald v. Jenson*, 786 F.2d 1465 (11th Cir.1986); *Heartfield v. Heartfield*, 749 F.2d 1138 (5th Cir.1985); *Flood v. Braaten*, 727 F.2d 303 (3d Cir. 1984).

As discussed persuasively and at length in these prior opinions, nothing in the legislative history or the language of the statute suggests that Congress intended the PKPA to expand federal jurisdiction in this area. The language of section 1738A makes no reference to federal courts or federal jurisdiction. In fact, the statute's terms specifically address states and, in particular, state courts. *Thompson*, 798

F.2d at 1552. Moreover, an analysis of the legislative history of the statute reveals that Congress considered alternative versions of the PKPA which expressly established federal jurisdiction. Congress rejected these versions in favor of the current language of the statute, language devoid of any reference to federal court jurisdiction. *Id.* at 1557–58.

We also agree that conferance of jurisdiction over such claims "would ineluctably enmesh federal courts in domestic relations matters." *Rogers v. Platt*, 814 F.2d at 691. The federal courts have uniformly declined to exercise jurisdiction over domestic relations disputes, choosing to defer to the state's strong interest and considerable experience in resolving such matters. *Ohio ex rel. Popovici v. Agler*, 280 U.S. 379, 383, 50 S.Ct. 154, 154–55, 74 L.Ed. 489 (1930); *Tuerffs v. Tuerffs*, 117 F.R.D. 674, 674–75 (D.Colo.1987). A decision that the federal courts have jurisdiction to adjudicate claims under section 1738A would result in the usurpation of this important state interest and the possibility of conflicting state and federal court decrees.

The state courts of appeal have the requisite knowledge and experience to decide this dispute, and we believe they will do so properly within the framework of instructions set forth in the PKPA. Thus, we hold that the PKPA, 28 U.S.C. § 1738A, does not confer jurisdiction upon the federal courts to decide the subject matter of this lawsuit. Accordingly,

IT IS ORDERED that defendant's motion to dismiss for want of subject matter jurisdiction be GRANTED.*

---

* The complaint and cause of action are DIS-    MISSED.