Amy **NEUSTEIN**, Plaintiff,

v.

Ozzie **ORBACH**, Brooklyn Society For the Prevention of Cruelty To Children, Ohel Foster Care Agency, the Legal Aid Society, and the City of New York, Defendants.

**No. CV–89–3491.**

United States District Court,
E.D. New York.

March 5, 1990.

See also, D.C., 732 F.Supp. 333.

Kanon, Mandel & Braff, Brooklyn, N.Y. (Steven Mandel, of counsel), for plaintiff.

Dr. Ozzie Orbach, Brooklyn, N.Y., pro se.

Thurm & Heller, New York City (Milton Thurm, of counsel), for defendant Brooklyn Society for the Prevention of Cruelty to Children.

Ohrenstein & Brown, New York City (Mark J. Bunin, of counsel), for defendant OHEL Foster Care Agency.

Ross & Hardies, New York City (Peter I. Livingston, Todd Silverblatt, Michelle J. d'Arcambal, of counsel), for defendant The Legal Aid Society.

Peter L. Zimroth, Corp. Counsel, New York City (Paul Marks, Susan Fuller, Chlarens Orsland, Assistant Corp. Counsels, of counsel), for defendant The City of New York.

## MEMORANDUM–DECISION and ORDER

BARTELS, District Judge.

The issues of subject matter jurisdiction and failure to state a claim being dealt with by the Court in a Memorandum–Decision and Order 732 F.Supp. 333 ("Accompanying Opinion") issued subsequent hereto, and reference to which is hereby made, the Court now addresses the issue of sanctions against Plaintiff's attorney under Fed.R. Civ.P. 11.

Rule 11, of course, requires that all pleadings, motions, and papers submitted in federal court litigation be signed by an attorney. The Rule further provides that such signature constitutes a certification by the attorney that the pleading, motion, or paper has been read by the attorney and

> that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact *and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation.*

Fed.R.Civ.P. 11 (emphasis added). The Rule further provides that

> [i]f a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, *shall* impose upon the person who signed it ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fees.

*Id.* (emphasis added). "The Rule 'explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of the pleading before it is signed.'" *International Shipping v. Hydra Offshore, Inc.,* 875 F.2d 388, 390 (2d Cir.1989) (*quoting Eastway Constr. Co. v. City of New York,* 762 F.2d 243, 253 (2d Cir.1985)). Thus, where a reasonable inquiry into the basis of a pleading has not been made, and under

existing precedents there is no chance of success, and no reasonable argument has been made to extend, modify, or reverse the law as it stands, imposition of sanctions is mandatory. *Id.* Accordingly, sanctions must be imposed against Plaintiff's attorney for the reasons stated herein.

### Federal Habeas Corpus/Subject Matter Jurisdiction/Relief Requested

As opposed to state courts, federal court are courts of limited jurisdiction. "The presumption is that the court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists." C. Wright, *The Law of Federal Courts* 22 (4th ed. Hornbook Series 1983) (*"Federal Courts"*). *See also* Fed.R.Civ.P. 8(a)(1). In this case the amended complaint (the "complaint") averred: "The jurisdiction of this Court is founded upon 28 USC section 1331 and section 1343; 42 USC Section 1983 and Section 1985(2) and 28 USC 2254." Amended Complaint at ¶ 1. In essence this averment meant that this Court had "federal question" jurisdiction because the suit was one arising under two civil rights statutes and the federal *habeas corpus* statute. However, as observed in the Accompanying Opinion, this is a domestic relations case that cannot be heard in federal court. It was long ago decided that domestic relations "belonged" to the States pursuant to their retained police powers as recognized by the 10th Amendment to the United States Constitution. *See Ohio ex rel. Popovici v. Agler,* 280 U.S. 379, 383–84, 50 S.Ct. 154, 155, 74 L.Ed. 489 (1930). *See also* Accompanying Opinion 732 F.Supp. at 339. The above factors should have given Plaintiff's attorney pause before signing and filing the complaint in this case. Evidently they did not.

As stated above, the complaint also alleges that the Court's jurisdiction in part rests upon the federal *habeas corpus* statute, 28 U.S.C. § 2254. In the prayer for relief of the complaint the Plaintiff demands in part:

2. That plaintiff, AMY NEUSTEIN, be awarded sole custody of SHERRY.

3. That defendant, OZZIE ORBACH, be denied visitation rights, since to award visitation rights would be contrary to the best interest of this child.

These demands obviously stem from the *habeas corpus* claim, which claim is patently frivolous and was doomed to failure from the day the complaint was signed and filed. *See* Accompanying Opinion 732 F.Supp. at 339, 340 (discussing, *inter alia,* *Lehman v. Lycoming County Children's Services,* 458 U.S. 502, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982) and *Ex parte Burrus,* 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890)).

Despite the authorities discussed in the Accompanying Opinion, Plaintiff's attorney signed and filed a complaint that asserted that the subject matter jurisdiction of this Court is conferred by the *habeas corpus* statute. This, of course, is a flagrant error. *See International Shipping,* 875 F.2d at 391 (where cursory review of hornbook or digest would have revealed subject matter jurisdictional defect in plaintiff's case, imposition of Rule 11 sanctions is appropriate).

Plaintiff's attorney, however, went even further. For, despite *Lehman* and *Burrus,* and despite the longstanding refusal of federal courts to involve themselves in domestic relations, plaintiff's counsel signed and filed a complaint praying that this Court not only disturb but reverse a state court's determination of custody on the merits. No citation is available to support this relief since no federal court has ever granted it. Rule 11 sanctions are appropriate when it is patently clear that a claim has absolutely no chance of success, *Official Publications, Inc. v. Fredericks,* 884 F.2d 664 (2d Cir.1989), and "[a]ll aspects of the complaint— ... *even the prayer for relief*—are subject to this Rule 11 analysis," G. Joseph, *Sanctions: The Federal Law of Litigation Abuse* 186 (1989).

Once motions to dismiss the complaint were made, however, and in contradiction of the very complaint to which he affixed his signature, Plaintiff's attorney had the temerity to claim, in his papers and at oral argument, that *"[t]his is not a custody case."* Plaintiff's Memorandum of Law

at Point Heading VIII (emphasis added). This case, he claims in contradistinction, is an "extraordinary case of gross violations of [Plaintiff's] constitutional rights to the custody of her child." On the contrary, the Court, views this case as an extraordinary case of gross violations of Rule 11.

It is difficult to understand why a case in which the plaintiff seeks custody of a child is not a custody case. To make a contrary assertion is pure sophistry. Sanctions cannot be staved-off by such *post hoc* slight of hand arguments in an attempt to explain-away a lack of necessary investigation before filing the complaint. *See International Shipping*, 875 F.2d at 390. *See also* American Bar Ass'n Section of Litigation, *Standards & Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure* ("ABA Standard") (C)(3), *reprinted in*, G. Joseph, *Sanctions: The Federal Law of Litigation Abuse* (1989).

"The quality of Justice depends upon our ability to control the flood of litigation. Rule 11 requires that members of the bar avoid haphazard, superficial research. That requirement places the responsibility for properly invoking the power of the court on counsel as officers of the court." *International Shipping*, 875 F.2d at 393. Plaintiff's attorney ignored that responsibility, ignored the law, and urged this court to exercise jurisdiction in this case where it obviously had none. Given the substantial infirmities in plaintiff's asserted causes of action, *see generally* Accompanying Opinion, it is hard for the Court to escape the conclusion that counsel in bad faith filed this domestic relations case as a civil rights case. The complaint signed and filed by counsel for plaintiff was nothing more than a sham pleading drawn so as to circumvent the domestic relations exception to the subject matter jurisdiction of the federal courts. This action of course warrants sanctions. *Eastway*, 762 F.2d at 254 (those who seek to manipulate the federal court system for ends inimicable to those for which it was created deserve censure under Rule 11).

### § 1985(2)

■ Sanctions are also warranted for the meritless assertion of a cause of action under 42 U.S.C. § 1985(2). The complaint, and the papers in support thereof, in part claimed that this case "arose under" 42 U.S.C. § 1985(2), and that the suit was therefore properly in federal court under "federal question" subject matter jurisdiction. *See* 28 U.S.C. §§ 1331, 1343.

Nowhere in the amended complaint does plaintiff make any allegation whatsoever of the race- or class-based individuous discrimination necessary to state a claim under § 1985(2). *See* Accompanying Opinion 732 F.Supp. at 343–45. "[W]here it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands, Rule 11 has been violated." *Eastway*, 762 F.2d at 254. *See also International Shipping*, 875 F.2d at 390; *Oliveri v. Thompson*, 803 F.2d 1265, 1280 (2d Cir.1986). For the assertion of this claim sanctions are warranted.

### Collateral Estoppel/Res Judicata

■ The bringing of the complaint in the face of collateral estoppel and *res judicata* likewise is deserving of sanction. "A pleading ... is not warranted by existing law if it asserts a claim or defense that is plainly barred by operation of the doctrine of collateral estoppel or *res judicata* ... and the signer [of the pleading] lacks a nonfrivolous argument for avoiding the bar." ABA Standard (F)(2) (*citing McLaughlin v. Bradlee*, 803 F.2d 1197, 1201 (D.C.Cir.1986); *Norris v. Grosvenor Mktg., Ltd.*, 803 F.2d 1281, 1286–87 (2d Cir.1986); *Sam & Mary Housing Corp. v. New York State*, 632 F.Supp. 1448, 1452–53 (S.D.N.Y.1986); *Magnus Elec., Inc. v. La Republica Argentina*, 830 F.2d 1396, 1403–04 (7th Cir.1987); *International Ass'n of Machinists v. Boeing Co.*, 833 F.2d 165, 172 (9th Cir.1987); *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987)).

As stated in the Court's Accompanying Opinion 732 F.Supp. at 342–43, this suit was clearly barred by collateral estoppel

and *res judicata:* the claims raised here were either adjudicated below or could have been fully and fairly litigated below. These claims, therefore, could not properly be raised here and counsel for plaintiff forwarded no nonfrivolous argument why raising them here was permissible. Accordingly, sanctions are again appropriate.

*Reasons For The Sanction Imposed*

■ The Court is vested with broad discretion to fashion an appropriate sanction for violation of Rule 11, and in determining the appropriate sanction the Court considers which of the purposes underlying Rule 11 it seeks to implement and then imposes the least severe sanction adequate to serve those purposes. ABA Standard (L)(1), (4); *Eastway,* 762 F.2d at 254 n. 7. Among the purposes for which a court may impose Rule 11 sanctions are 1) "imposing punishment for deserving misconduct," ABA Standard (L)(b); and 2) "streamlining litigation and bringing about economies in the use of judicial resources by curtailing frivolous and abusive practices," *id.* (e). *See also* Fed.R.Civ.P. 11 advisory committee note ("Greater attention by the district court to pleading and motion abuses and the imposition of sanction when appropriate, should discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses").

The Court has carefully considered the matter and finds that the sanction hereby imposed is the least severe sanction adequate to serve the purposes of Rule 11. In doing so it has specifically weighed: (a) the clear bad faith involved in counsel's conduct; (b) the large degree of frivolity involved in counsel's conduct; (c) the impact of the sanction on counsel, including counsel's ability to pay; (d) the need to impose a substantial sanction to deter counsel from bringing suits in federal court, despite the clear lack of subject matter jurisdiction; (e) the tremendous amount of time this case has caused the Court and the five (5) counsel representing the defendants; and (f) counsel's continued persistence in advancing his theories while on notice that his positions were not warranted by existing law or a good faith argument for the exten-

sion, modification, or reversal of existing law. *See* ABA Standard (L)(6)(a), (b), (i), (k), (*l*), and (o) (*citing Lieb v. Topstone Indus.,* 788 F.2d 151, 157–58 (3d Cir.1986); *Cabell v. Petty,* 810 F.2d 463, 466 (4th Cir.1987); *In re Disciplinary Action Curl,* 803 F.2d 1004, 1007 (9th Cir.1986); *Huettig & Schromm, Inc. v. Landscape Contractors Council,* 790 F.2d 1421, 1426–27 (9th Cir.1986); *INVST Financial Group, Inc. v. Chem–Nuclear Syst.,* 815 F.2d 391, 404 (6th Cir.1987); *Cleveland Demolition Co. v. Azcon Scrap Corp.,* 827 F.2d 984, 988 (4th Cir.1987); *Chevron, U.S.A., Inc. v. Hand,* 763 F.2d 1184, 1187 (10th Cir.1985); *Oliveri,* 803 F.2d at 1281; *Anschutz Petroleum Mktg. Corp. v. E.W. Saybolt & Co.,* 112 F.R.D. 355, 358 (S.D.N.Y.1986); *Miller v. United States,* 669 F.Supp. 906, 911 and n. 3 (N.D.Ind.1987); *Brown v. Federation of State Medical Bds.,* 830 F.2d 1429 (7th Cir.1987)).

*Conclusion*

For the foregoing reasons, a sanction of $2,500 is imposed on Plaintiff's counsel pursuant to Fed.R.Civ.P. 11, which he is ordered to remit to the Clerk of the Court within 180 days.

SO ORDERED.