T.C. Memo. 2000-246

UNITED STATES TAX COURT

EUGENE W. ALPERN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20304-98.                     Filed August 8, 2000.

Eugene W. Alpern, pro se.

Gregory J. Stull, for respondent.

MEMORANDUM OPINION

GOLDBERG, Special Trial Judge:  Respondent determined a
deficiency in petitioner's Federal income tax of $2,139 for the
taxable year 1996.  Unless otherwise indicated, section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

After a concession by respondent,[1] the issues for determination are: (1) Whether the Tax Court lacks jurisdiction in this case because of an automatic stay pursuant to 11 U.S.C. section 362(a)(8) (1994); (2) whether petitioner must include individual retirement account (IRA) distributions of $6,905 in gross income for the 1996 taxable year; and (3) petitioner's correct filing status for the 1996 taxable year. The stipulations of fact, the supplemental stipulations of fact, and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Morton Grove, Illinois.

Petitioner has degrees in pharmacy and chemistry from the University of Michigan. Petitioner has worked in the chemistry, pharmaceutical, and computer consulting fields.

Petitioner married Phyllis Alpern in 1960 and has three sons from the marriage. Phyllis Alpern ceased living with petitioner on October 3, 1989, and they were divorced on August 10, 1992, pursuant to a Judgment for Dissolution of Marriage of the Circuit Court of Cook County, Illinois, County Department, Domestic Relations Division (circuit court).[2] Petitioner disputes the

---

[1] Respondent concedes that petitioner correctly excluded his Social Security benefits from gross income in 1996.

[2] The Judgment for Dissolution of Marriage incorporated by reference a related Memorandum Order which the circuit court
(continued...)

validity of the divorce judgment and contends that he is still married to Phyllis Alpern.

On April 8, 1993, petitioner filed a voluntary petition in bankruptcy under chapter 7 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division (bankruptcy court), case No. 93-B-07643. The bankruptcy court entered an order discharging the debtor in this case on September 28, 1993. By order dated October 12, 1993, the bankruptcy court granted petitioner's motion to convert the case to a chapter 11 proceeding under the Bankruptcy Code. An order of Discharge of Debtor under the chapter 11 proceeding was entered on July 18, 1994, by the bankruptcy court.

In 1996, petitioner received IRA distributions of $12,905.89 from Fidelity Service Co. (Fidelity).[3] Though petitioner reported total IRA distributions of $12,905.89 on line 15a of his 1996 Federal income tax return, he reported only $6,000 as the taxable amount of his IRA distributions for 1996 on line 15b of his return. In addition, petitioner did not attach a Form 8606, Nondeductible IRAs (Contributions, Distributions, and Basis), to

---

[2](...continued)
had previously entered in the case on May 29, 1992.

[3]    Fidelity reported two separate IRA distributions for the 1996 taxable year to the Internal Revenue Service on Forms 1099-R, Statements for Recipients of Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., in the amounts of $1,205 and $11,700.

his 1996 Federal income tax return, a form which is required for reporting the receipt of IRA distributions.

In a notice of deficiency, respondent determined that all the IRA distributions from Fidelity for the 1996 taxable year were includable in gross income and therefore included an additional $6,905 of 1996 IRA distributions from Fidelity in petitioner's 1996 gross income.

Tax Court Jurisdiction

First, petitioner contends that the order of Discharge of Debtor which was entered in case No. 93-B-7643 on July 18, 1994, is void ab initio because of fraud on the part of the bankruptcy court. Therefore he asserts that the bankruptcy petition is still pending and that the provisions of 11 U.S.C. section 362(a)(8) are applicable. Petitioner specifically alleges that the judge in the bankruptcy proceedings received a bribe of at least $6,700. Petitioner contends that any order issued by the judge in case No. 93-B-7643 is therefore void for fraud.

This Court is a court of limited jurisdiction and may exercise its jurisdiction only to the extent authorized by Congress. See sec. 7442; Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 420, 422 (1943); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). This includes Federal income, estate, and gift taxes which are subject to the deficiency notice requirements of sections 6212(a) and 6213(a).

Because this Court is a court of limited jurisdiction, petitioner's fraud argument is misplaced. The Court lacks jurisdiction to review or set aside the order of discharge entered by the bankruptcy court. Therefore, petitioner's contention that the bankruptcy discharge is void because of fraud on the court is not proper subject matter for our decision.

We accordingly reject petitioner's contention that the property of the estate is still under the consideration of the bankruptcy court and the order of Discharge of Debtor, dated July 18, 1994, has no force and effect. According to petitioner's contentions, the automatic stay of Tax Court proceedings under 11 U.S.C. section 362(a)(8) was still in effect when he filed the Tax Court petition, his petition is premature, and the Tax Court lacks jurisdiction to determine petitioner's tax liability for the year in issue.

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. The taxpayer, in turn, generally has 90 days from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. See sec. 6213(a).

An exception to the normal 90-day filing period arises where the taxpayer has filed a petition for relief under the Bankruptcy

Code.  In particular, 11 U.S.C. section 362(a)(8) provides in
pertinent part:

> (a) Except as provided in subsection (b) of this
> section, a petition filed under section 301, 302, or
> 303 of this title, * * * operates as a stay, applicable
> to all entities, of--
>
>     *      *      *      *      *      *      *
>
> (8) the commencement or continuation of a proceeding
> before the United States Tax Court concerning the
> debtor.

In short, the filing of a bankruptcy petition invokes the
automatic stay that precludes the commencement or continuation of
proceedings in this Court.  See Allison v. Commissioner, 97 T.C.
544, 545 (1991).

The period that the automatic stay remains in effect is
prescribed in 11 U.S.C. section 362(c) (1994) as follows:

> (c) Except as provided in subsections (d), (e), and (f) of
> this section--
>
> (1) the stay of an act against property of the estate
> under subsection (a) of this section continues until such
> property is no longer property of the estate; and
>
> (2) the stay of any other act under subsection (a) of
> this section continues until the earliest of--
>
> (A) the time the case is closed;
> (B) the time the case is dismissed; or
> (C) if the case is a case under chapter 7 of this title
> concerning an individual or a case under chapter 9, 11, 12,
> or 13 of this title, the time a discharge is granted or
> denied.

While we do not have subject matter jurisdiction to
determine whether a tax deficiency has been discharged in a

bankruptcy proceeding, it is clear that we do have jurisdiction to determine whether we lack jurisdiction because of the continuance of an automatic stay. See Moody v. Commissioner, 95 T.C. 655, 658 (1990). If the stay pursuant to 11 U.S.C. section 362(a)(8) had been in effect on December 22, 1998, the date on which petitioner filed a petition, the Tax Court would not have jurisdiction. The record, however, reflects that the order of Discharge of Debtor was entered by the bankruptcy court on July 18, 1994, and terminated the stay pursuant to 11 U.S.C. section 362(c)(2)(C).

Petitioner's contention that the automatic stay continues until the property is no longer property of the bankruptcy estate, at which time the bankruptcy proceeding is completely closed, is based on 11 U.S.C. section 362(c)(1). However, the proceedings before us fall under 11 U.S.C. section 362(c)(2)(C), wherein the stay of "any other act" is lifted upon order of discharge in a chapter 11 bankruptcy proceeding. The proceeding before us is not an act against the property of the bankruptcy estate per 11 U.S.C. section 362(c)(1). See Bigelow v. Commissioner, 65 F.3d 127, 128 (9th Cir. 1995).

We therefore find that the automatic stay ended with the entry of the July 18, 1994, order of Discharge of Debtor. Since petitioner filed his petition with this Court on December 22,

1998, we hold that we have jurisdiction to adjudicate petitioner's Federal tax liability for the year in issue.

Individual Retirement Account

Respondent determined that petitioner received taxable distributions from his IRA during the year in issue of $12,905.89 and that petitioner failed to include $6,905[4] of that amount in gross income for the 1996 taxable year.

Petitioner contends that he is entitled to exclude from gross income $6,905.89 of the IRA distribution on the grounds that he had a basis in the IRA contributions.

Section 408(d)(1) provides generally that "any amount paid or distributed out of an individual retirement plan shall be included in gross income by the payee or distributee, as the case may be, in the manner provided under section 72." The term "individual retirement plan" includes an IRA. Sec. 7701(a)(37)(A).

For this purpose, all IRA's are treated as one contract, all distributions during any taxable year are treated as one distribution, and the value of the contract, the income on the contract, and the investment in the contract are computed as of

---

[4] Though petitioner failed to include $6,905.89 of IRA distributions in gross income on his 1996 Federal income tax return, respondent determined in the notice of deficiency that the correct amount includable in gross income for the 1996 taxable year was $6,905.

the close of the calendar year in which the taxable year begins. See sec. 408(d)(2).

Generally, a taxpayer is allowed a basis in IRA contributions to the extent the contributions are considered an "investment in the contract". Secs. 408(d)(2), 72. Section 72(e)(6) defines generally "investment in the contract" as being the consideration paid for the contract less amounts previously received under the contract that are excludable from gross income. Thus, nondeductible contributions a taxpayer has made to a retirement plan may be excluded from gross income when such distributions are made. See Campbell v. Commissioner, 108 T.C. 54 (1997). In addition, Form 8606 must be attached to the return for reporting the receipt of IRA distributions if the taxpayer made any nondeductible IRA contributions before or during the taxable year.

The derivation and computation of the amounts reported on the Forms 1099-R by Fidelity are not in dispute. The only question is whether these amounts are includable in petitioner's gross income.

At trial, petitioner testified that he did not remember how he calculated the excluded portion of his IRA or whether any portion of the IRA distributions was from nondeductible IRA contributions. In addition, petitioner failed to produce any tax

records which would have established nondeductible IRA contributions during, or before, the 1996 taxable year.

In sum, the record is devoid of any evidence regarding petitioner's alleged nondeductible IRA contributions except for petitioner's brief self-serving testimony. We are not required to accept a taxpayer's self-serving, unverified, and undocumented testimony, and we decline to do so here. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Petitioner failed to establish that he was entitled to exclude the $6,905 portion of his IRA distributions for 1996 from gross income for the taxable year in issue. Respondent is sustained on this issue.

Filing Status

Petitioner contends that his correct filing status for the 1996 taxable year is married, filing separately. Respondent contends that petitioner's correct filing status for 1996 is single because petitioner and his wife were divorced on August 10, 1992, as evidenced by the Judgment for Dissolution of Marriage, and petitioner was unmarried during the year in issue.

As with the bankruptcy order discussed above, petitioner contends that the divorce judgment of the circuit court was obtained by fraud and is also void ab initio. Petitioner claims that the fraud perpetrated in the circuit court included the

failure of Phyllis Alpern to file a valid petition in the divorce proceeding.

As stated above, this Court is a court of limited jurisdiction. Petitioner seeks a remedy, to set aside the Judgment for Dissolution of Marriage, which cannot be properly addressed in this forum. Particularly in the area of family law, we must rely on the premise that "'the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States'". Ohio ex rel. Popovici v. Agler, 280 U.S. 379, 383 (1930) (quoting Ex parte Burrus, 136 U.S. 586, 594 (1890)). Therefore, we have long recognized that marital status for tax purposes generally is governed by local law. See Lee v. Commissioner, 64 T.C. 552 (1975), affd. per curiam 550 F.2d 1201 (9th Cir. 1977). Consequently, we decline to disregard the divorce judgment or treat it as a nullity.

In this case, petitioner merely alleges that the divorce was not final and has introduced no evidence to support that allegation. We find that petitioner and Phyllis Alpern were divorced as of August 10, 1992, and that petitioner was unmarried during the year in issue. Petitioner's correct filing status for 1996 is single. Respondent is sustained on this issue.

To reflect the foregoing,

Decision will be entered

under Rule 155.