(31 P.3d 322)

No. 85,797

ROGER ALAN ANDERSON, *Appellant*, v. STATE OF KANSAS, *Appellee.*

—

Opinion filed September 14, 2001.

*Peter Maharry*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Ian H. Taylor*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ELLIOTT, P.J., BEIER, J., and PADDOCK, S.J.

ELLIOTT, J.: In this K.S.A. 60-1507 proceeding, Roger Alan Anderson claims his conviction of a felony is unconstitutional because Kansas state courts have no jurisdiction to hear felony cases.

The trial court summarily denied the motion and we affirm.

Anderson claims the United States Supreme Court has exclusive jurisdiction for all cases in which the State is a party. Article III, § 2, clause 2 of the United States Constitution states: "In all cases . . . and those in which a State shall be a party, the supreme Court shall have original Jurisdiction."

This grant of original jurisdiction is not exclusive. See *Rhode Island v. Massachusetts*, 37 U.S. (12 Pet.) 657, 9 L. Ed. 1233 (1838). If the parties are willing, these types of cases can be litigated in state courts. *Popovici v. Agler*, 280 U.S. 379, 383, 74 L. Ed. 489, 50 S. Ct. 154 (1930).

The exercise of the United States Supreme Court's original jurisdiction is not obligatory; rather, it is discretionary. See *Texas v.*

*New Mexico*, 462 U.S. 554, 570, 77 L. Ed. 2d 1, 103 S. Ct. 2558 (1983).

Original jurisdiction is to be honored

"only in appropriate cases. And the question of what is appropriate concerns, of course, the seriousness and dignity of the claim; yet beyond that it necessarily involves the availability of another forum where there is jurisdiction over the named parties, where the issues tendered may be litigated, and where appropriate relief may be had. We incline to a sparing use of our original jurisdiction so that our increasing duties with the appellate docket will not suffer. [Citation omitted.]" *Illinois v. City of Milwaukee,* 406 U.S. 91, 93-94, 31 L. Ed. 2d 712, 92 S. Ct. 1385 (1972).

Further, the regulation and punishment of crimes not involving interstate commerce "has always been the province of the States." *United States v. Morrison,* 529 U.S. 598, 618, 146 L. Ed. 2d 658, 120 S. Ct. 1740 (2000).

As near as we can discover, only once in its history has the United States Supreme Court heard an original criminal case. See *United States v. Shipp*, 214 U.S. 386, 53 L. Ed. 1041, 29 S. Ct. 637 (1909) (criminal contempt of the United States Supreme Court).

Article 3, § 6(b) of the Kansas Constitution grants our district courts with jurisdiction as shall be provided by law. K.S.A. 22-2601 grants our district courts with exclusive jurisdiction to try all felony and other criminal cases.

The trial court did not err in dismissing Anderson's K.S.A. 60-1507 motion.

Affirmed.