John W. DENNISON, Plaintiff,

v.

COUNTY OF FREDERICK, et al., Defendants.

Civ. A. No. 88–0231–H.

United States District Court, W.D. Virginia, Harrisonburg Division.

Dec. 1, 1989.

---

Thomas A. Schultz, Jr., Harrison & Johnston, Winchester, Va., for plaintiff.

William E. Twomey, Jr. and Scott S. Cairns, McGuire, Woods, Battle & Boothe, Richmond, Va., for defendants.

MEMORANDUM OPINION

MICHAEL, District Judge.

Plaintiff in this 42 U.S.C. § 1983 action was the Building Official for Frederick County, Virginia, until his resignation on September 30, 1986. He alleges that his resignation was the result of an involuntary discharge in violation of his First and Fourteenth Amendment rights. The defendants have moved for summary judgment on the merits, and on *res judicata* grounds. The issues have been briefed, oral argument was heard on November 14, 1989, and further briefs were subsequently received. The case is now ripe for decision.

I

Plaintiff John W. Dennison was originally employed by the defendant County of Frederick (the "County") in 1977 as a building inspector. In 1981 he was appointed to the position of Building Official, which title he held until his departure in September of 1986. As an employee of the County, Dennison was subject to the *Manual for the Employees of the County of Frederick, Virginia* (the "Manual"). The Manual outlines the rights and obligations of County employees, and in particular establishes a grievance procedure whereby employees can obtain review of allegedly unjust employment decisions made by the County.[1]

Section 12.1(A) of the Manual sets out those complaints or disputes relating to employment that are grievable; these include "(i) disciplinary actions, including dismissals (whether resulting from formal discipline or unsatisfactory job performance or an involuntary resignation)." Unless a dismissal falls within § 12.1(A)(i) it is not grievable. The decision on grievability rests with the County Administrator. Manual § 12.2. In the event an employee disagrees with the County Administrator's decision, he may appeal to the State Circuit Court for a hearing *de novo* on the issue of grievability. Va.Code § 2.1–114.5:1(E). The decision of the Circuit Court as to grievability is final and not appealable. *Id.*

---

**1.** The establishment of a grievance procedure is mandated by Va.Code § 15.1–7.1. In addition, § 15.1–7.1 requires that county grievance procedures conform with the state procedure set out in Va.Code § 2.1–114.5:1.

Dennison alleges that his resignation was involuntary and therefore grievable under § 12.1(A)(i) of the Manual.

Since the County Administrator, John Riley, was a participant in the events leading up to Dennison's resignation, he appointed a third party, James Longerbeam, a member of the County's Employee Relations Committee to conduct an investigation and render a decision on the grievability issue. Hearings were conducted before Longerbeam on eleven days.[2] On February 25, 1988, Longerbeam issued a written decision which concluded

> [T]he facts and circumstances surrounding the resignation of ... Dennison from his position of Building Official of Frederick County do not constitute involuntary resignation and therefore ... Dennison does not have ... standing to have submitted a grievance.

On March 2, 1988, Riley issued a determination adopting Longerbeam's findings. On March 7, 1988, Dennison appealed Riley's decision to the Circuit Court for the County of Frederick under Va.Code § 2.1–114.5:1(E). Subsequently, on September 29, 1988, Dennison filed the instant case in federal court.

On November 14, 1989, this court heard argument on defendants' motion for summary judgment, the core of which was the argument that defendant had failed to show that he was a victim of an involuntary resignation. At the November 14 hearing it was brought to the court's attention that an order was imminent in the state court action; as a result, the court requested additional briefing on the potential *res judicata* effect of the upcoming state court decision.[3]

On November 28, 1989, Judge Berry issued an Order and a Final Order in Dennison's state case (*Dennison v. County of Frederick*, No. CL–88000032–00, Circuit Court for the County of Frederick). Judge Berry Specifically found that

> Dennison had not established a probability that the County intended to cause his

resignation, or that the circumstances of his employment were intolerable. Therefore Mr. Dennison has not established the elements of constructive discharge or involuntary resignation.

Order, at 2. Thus, the state court found that his resignation was not grievable. *Id.* In its Final Order the Circuit Court ended the state action and declined to reconsider its prior Order of November 3, 1989, which refused to allow the production of further evidence. By statute, the Circuit Court's decision on the grievability question is final and unreviewable.

The question currently before this court is what preclusive effect, if any, the state court's orders of November 28 have on this court.

## II

It is "settled that a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). The rule is no different in actions under 42 U.S.C. § 1983. *Id.* at 84–85, 104 S.Ct. at 897–98. The state court's decision is *res judicata* as to issues or claims actually litigated as well as those which could have been litigated. *Id.* The state court's decision is *res judicata* as to questions of law as well as issues of fact. *United States v. Stauffer Chemical Co.,* 464 U.S. 165, 170–71, 104 S.Ct. 575, 578–79, 78 L.Ed.2d 388 (1984). The question under *Migra,* then, is what preclusive effect Virginia law gives to Judge Berry's orders.

Under Virginia law, "a judgment in favor of a party 'bars relitigation of the *same cause of action,* or any part thereof which could have been litigated, between the same parties and their privies.'" *Brown v. Haley,* 233 Va. 210, 215, 355 S.E.2d 563 (1987), *quoting Bates v. Devers,* 214 Va.

---

**2.** Hearings were held on December 18–19, 1986, January 8–9, 1987, June 30, 1987, July 1–2, 1987, October 19–21, 1987 and November 2, 1987.

**3.** By *res judicata* the court means both issue preclusion and claim preclusion.

667, 670–671, 202 S.E.2d 917 (1974). "In the subsequent action, the parties to the first action and their privies are precluded from litigating any issue of fact actually litigated and essential to a valid and final personal judgment in the first action." *Hozie v. Preston*, 493 F.Supp. 42, 44 (W.D.Va. 1980). It is undisputed that identity of the parties is the same between the state action and the present one. Nor does there appear from the record before this court to be any meritorious challenge to the validity of Judge Berry's orders. Before adressing the remaining requirements it is useful to determine just what facts are at issue in both the state case and this one.

In order to survive a motion for summary judgment Dennison must show that he was a victim of an involuntary resignation; for if his resignation was voluntary defendants bear no responsibility for effects flowing from it. All other claims in the amended complaint are contingent upon a finding that plaintiff involuntarily resigned; if an involuntary resignation is not shown defendants must prevail. Precisely the same question was at issue in the state court action. In order for Dennison's claim to be grievable he had to demonstrate that he had involuntarily resigned. Manual, § 12.1(A)(i). Thus, while the ultimate question before the state court was whether the claim was grievable, the underlying factual issue was whether an involuntary resignation had been shown.

■ Involuntary resignation and constructive discharge are equivalent terms. *Pittman v. Hattiesburg Municipal Separate School Dist.*, 644 F.2d 1071, 1077 (5th Cir.1981). "A constructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job." *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir.1985), *cert. denied,* 475 U.S. 1082, 106 S.Ct. 1461, 89 L.Ed.2d 718 (1986) (citations omitted). To survive summary judgment Dennison must show two elements: deliberateness of the employer's actions, and intolerability of the working conditions. *See Id.* A plaintiff must adduce evidence of the employer's specific intent to force him to resign. *Id.* Intolerability of the working conditions is judged by an objective standard: a "reasonable person" in the employee's position must have felt compelled to resign. *Id.*

■ The state court applied the *Bristow* standard in reaching its determination of the involuntary resignation question, Order at 2; consequently, the precise issues resolved there are the ones that this court would have to resolve. Since a finding of an involuntary discharge was a prerequisite to a finding of grievability these issues were clearly "essential" to the state court's holding. *See Hozie*, 493 F.Supp. at 44. The only remaining question then, in determining whether the state court descision precludes the present action is whether intent and intolerability were "actually litigated" in the Circuit Court proceeding.

The state court considered the transcript of the proceedings before Longerbeam, which total some 2,500 pages and an additional volume of exhibits, as well as argument by counsel. While the court did not receive any new evidence, the decision to receive further evidence is discretionary with the court, Va.Code § 2.1–114.5:1(E), and the court's exercise of discretion here certainly seems proper in light of the volume of material already before it.[4] Even if this court had some doubt—which it does not—as to the propriety of the ruling, it is not free to review the decisions of the state courts. *District of Columbia Circuit Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1314–15, 75 L.Ed.2d 206 (1983).

A review of the briefs filed by the parties in the state court proceedings shows that deliberate intent of the employer and intolerability of working conditions were squarely before the court and argued by counsel. The court is satisfied that these issues were actually litigated before the Circuit Court. The decision by the state

---

**4.** The transcript of the final hearing before Judge Berry also indicates that counsel for Dennison represented to the court that he felt that evidence which was before the court was more than adequate.

court not to take additional evidence does not alter this court's analysis.

The requisite conditions of state law having been met, *Migra* requires this court to give the state court decision preclusive effect here.

### III

An essential element of plaintiff's claim having been decided adversely to him in a proceeding before the Circuit Court for the County of Frederick, and that decision being final and unreviewable, that issue is now *res judicata.* Therefore, summary judgment for the defendants in the present action, as to plaintiff's federal claims, is appropriate. In light of the decision on the federal questions, the court will dismiss without prejudice the plaintiff's state law claims. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218; *Reamer v. United States,* 459 F.2d 709, 711 (4th Cir.1972).