**B.T. LEONARD, Jr., Plaintiff,**

v.

**R.L. SUTHARD, in his official capacity as the current Superintendent of the Virginia State Police, Defendant.**

Civ. A. No. 89–0043–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

May 22, 1990.

John C. Lowe, Charlottesville, Va., for plaintiff.

John M. McCarthy, Sr. Asst. Atty. Gen., Richmond, Va., for defendant.

### MEMORANDUM OPINION

MICHAEL, District Judge.

Plaintiff in this action is a Sergeant with the Virginia State Police. He alleges that

his transfer from a duty station in Charlottesville to one in Richmond, as well as the handling of his grievance of that action, violated his constitutional rights. Defendant has moved to dismiss this action under Fed.R.Civ.P. 12(b)(1), arguing that the court lacks subject matter jurisdiction over plaintiff's claims. Both parties submitted briefs and were heard at oral argument on May 15, 1990. This motion is now ripe for disposition.

## I

Plaintiff has been a member of the Virginia State Police ("VSP") for some time and, until recently, was stationed in Charlottesville. In the latter part of 1988 the plaintiff was issued a "Group One offense" for violation of weight guidelines set forth in the State Police Manual. On November 28, 1988, he filed a grievance of this action pursuant to the state employee grievance procedure. During the initial stages of the grievance the sanction was affirmed, however, on February 13, 1989, the defendant, as the highest supervisor in the grievance system, determined that the grievance was appropriate for consideration by a grievance panel. The panel ultimately returned a decision in plaintiff's favor.

On February 14, 1990, the same day that plaintiff requested a panel hearing, the defendant notified Leonard that he was being transferred to a different unit located in Richmond effective two days hence. On March 8, 1989, the plaintiff filed a grievance concerning this transfer. At all levels of review the complaint was found to be nongrievable. Plaintiff ultimately appealed this finding to the Circuit Court of Chesterfield County pursuant to state statute. On October 10, 1989, Judge Shelton of the Circuit Court entered an Order finding that the plaintiff's transfer was not disciplinary and therefore not grievable. Under Va. Code § 2.1–114.5:1(E) Judge Shelton's decision is final and unreviewable.

## II

Plaintiff's four count Amended Complaint alleges in Counts I and II that the

defendant's decision denying grievability violated plaintiff's Fourteenth Amendment rights to Due Process and Equal Protection. Count III alleges that the transfer itself violated plaintiff's First Amendment rights and Count IV that the transfer violated plaintiff's Fourteenth Amendment Due Process and Equal Protection rights. Defendant argues that since the issues raised in the Amended Complaint have already been decided by the state courts, or are inextricably intertwined with matters decided in the state courts, this court does not have jurisdiction to review them.

In several respects this case is similar to another action arising from an employee grievance proceeding which this court dealt with recently, *Dennison v. County of Frederick,* 726 F.Supp. 137 (W.D.Va.1989). In *Dennison,* the plaintiff alleged that he had been involuntarily discharged and filed a grievance under the county grievance procedure.[1] Dennison's supervisors ultimately determined the discharge to be nongrievable. Dennison appealed this finding to the state Circuit Court which entered an Order affirming the finding that the plaintiff's discharge was nongrievable. This court found that, as to the constitutional issues presented in plaintiff's federal case, the Circuit Court's decision on grievability was *res judicata* and awarded summary judgment against to the defendant on plaintiff's 42 U.S.C. § 1983 claims. *Id* at 140–141. The present case is somewhat different in that defendant does not argue that the Circuit Court's decision is *res judicata,* but that under *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), this court does not have subject matter jurisdiction to review the decision by the state court.

■ Plaintiff conceded at oral argument that in Counts I and II he seeks to have this court review the decision of the state court, an action contrary to the holding of *Feldman.* He argued that the strictures of *Feldman* should not apply for two rea-

---

**1.** Since in Virginia, by statute, county grievance procedures must comport with the state proce-

dure the differences between the procedure in *Dennison* and that here are minor.

sons. First, he contended that the *Feldman* rationale is faulty and this court should adopt the reasoning of Justice Stevens, the lone dissenter in *Feldman*. This argument may be dealt with expeditiously; even were this court to find the reasoning of the dissent more persuasive, this court's position in the judicial hierarchy prevents it from ignoring established precedent from the Supreme Court. Secondly, plaintiff argued that *Feldman* is limited by its facts only to application where the court is reviewing decisions relating to state bar matters. This too is plainly not the case; *Feldman* is not so limited by its own language, nor has it been so limited in application by the courts. *See e.g., Phinizy v. Alabama,* 847 F.2d 282, 283–284 (5th Cir.1988) (federal District Court has no jurisdiction to review decision of state probate court); *Dennison,* 726 F.Supp. at 140 (*Feldman* prevents the court from reviewing state court's decision not to hear additional evidence in employee grievance case). In light of the strictures of *Feldman,* Counts I and II of the complaint must be dismissed.

■ Plaintiff contends that Counts III and IV are not as easily dispensed with as they do not seek direct review of the state court decision but allege constitutional violations arising from the transfer itself. Here again, the *Dennison* decision is helpful. In the present case, plaintiff's transfer was not grievable unless it was disciplinary; in *Dennison* the plaintiff's discharge was not grievable unless it was an involuntary or constructive discharge. In both cases the disciplinary actions were ultimately found to be nongrievable and the plaintiffs appealed those findings to the Circuit Court. In both cases the Circuit courts affirmed the findings of nongrievability. Finally, in each case, the plaintiffs filed suit in federal court alleging that the disciplinary actions violated their Fourteenth Amendment rights. In both *Dennison* and the present action the question faced by the court is to what extent the state court's decision on the issue of grievability forecloses action by the federal court on the underlying issues.

While *Feldman* was not a *res judicata* action there is a similarity between the rationale of the two types of cases. Part of the *res judicata* analysis is a determination of whether particular issues were raised, or could have been raised, in the previous proceeding. *Dennison,* 726 F.Supp. at 139. If the issues could not have been raised before then they are not given any *res judicata* effect; however, if they were raised, or could have been raised but were not, and the plaintiff obtains an adverse judgment, he will be precluded from litigating those claims in the future. This type of analysis seems largely to parallel that in *Feldman* where the court stated that the District Courts are precluded from reviewing issues "inextricably intertwined" with those actually decided by the state court. *Feldman,* 460 U.S. at 483–484, n. 16, 103 S.Ct. at 1315–16, n. 16. Thus, as the court stated in *Feldman,* if the plaintiff could have raised his constitutional claims below but did not, that in itself will not give him access to federal court. *Id.* at 484, 103 S.Ct. at 1316.

Where the Circuit Court decision establishes certain facts essential to its decision on grievability, which facts in turn are essential to, or in other words inextricably intertwined with, this court's decision on constitutional issues, the parties in the state case will be barred from obtaining further review of those facts in the federal forum either because a dismissal will enter on *res judicata* grounds or because of a dismissal under *Feldman.* In *Dennison* it was clear that the Circuit Court's decision foreclosed the federal action. The state court decided the precise factual and legal questions which this court would have to have addressed, and the state court cited federal cases in arriving at its conclusion. The Order of the Circuit Court in *Dennison* made all of this explicit. In the present case the Circuit Court's Order is more laconic.

In his Order Judge Shelton stated that he was faced with "a bare legal issue of whether the transfer ... is grievable." The court concluded the Order by stating "[t]he Court has reviewed the applicable law ... and the claims of the parties con-

tained in the record before the Court and finds, as a matter of law, that because [Leonard's] grievance is over a transfer, it is not a grievable matter." Consequently, the court dispensed with a factual hearing [2] and proceeded to dismiss the petition. Reliance on the Circuit Court's Order is problematic, particularly where it may result in the dismissal of plaintiff's federal claims, since it is far from explicit in setting forth its reasoning. While transfers in general are not grievable under state procedure, they are grievable where they are imposed for disciplinary reasons. Thus the issue before the Circuit Court was not simply whether Leonard was grieving a transfer, but also what the facts underlying that transfer were and whether they indicated nondisciplinary reasons. The Order does not indicate whether any such facts were considered and the only case to which the Order cites concerns the grievance procedure in general and does not involve a transfer issue.

On the other hand, certain facts were before the Circuit Court, including a detailed memorandum from the Superintendent of the State Police setting forth substantial, nondisciplinary reasons for plaintiff's transfer. The Circuit Court must be presumed to be aware of the fact that disciplinary transfers are grievable since that was what the petitioner before the court was arguing. While the Circuit Court's language is not crystal clear, a finding that the transfer was not disciplinary was a prerequisite to the Court's holding that it was not grievable. Such a finding cannot be disturbed by this court.

If the transfer was not disciplinary then Counts III and IV of the Amended Complaint must fail, since disciplinary reasons for the transfer are essential to the allegations in each of these counts. Whether the counts are dismissed under *Feldman* or on the basis of *res judicata* appears immaterial; the net result will be the same.

Plaintiff argued at the hearing on this matter that if the defendant prevailed in his arguments § 1983 would be essentially eviscerated. This is not the case. It is true that plaintiff's § 1983 action will be foreclosed, but as the Supreme Court made clear in *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 84–85, 104 S.Ct. 892, 897–98, 79 L.Ed.2d 56 (1984) the rules of *res judicata* apply equally to § 1983 cases. And as the court noted in *Feldman,* the state courts are equally as competent as the federal courts to adjudicate federal constitutional claims. *Feldman,* 460 U.S. at 484, n. 16, 103 S.Ct. at 1316, n. 16. The legal result of these holdings is that plaintiffs may have their constitutional claims considered only once, whether actually raised or not, either in federal or in state court. The practical result is that plaintiffs must give serious consideration to which forum they wish to bring their claims in initially. When claims are brought first in the federal court and the plaintiff does not prevail the court will usually dismiss any pendant state claims without prejudice and the plaintiff may then bring them in the state court. However, to the extent that the federal court made factual determinations that are relevant to the state law claims plaintiff may have *res judicata* problems in state court as well. On the other hand, when claims are brought first in the state court, that may well be plaintiff's first and last bite at the apple in light of both *Feldman* and the intricacies of collateral estoppel. The result in this case does not eliminate § 1983 jurisdiction; however, like *Feldman* and *Migra,* it may augur in favor of proceeding first in a federal forum.

### III

In conclusion, for the reasons stated above, the complaint in this action shall be dismissed.

---

**2.** At oral argument plaintiff indicated that he thought the state court's decision not to hear additional factual evidence was error. However, as this court made clear in *Dennison,* the state court's decision whether or not to hear additional evidence is entirely discretionary under the state statute and this court will not review a state court's decision on that issue. *Dennison,* 726 F.Supp. at 140.