**B.T. LEONARD, Jr., Plaintiff–Appellant,**

v.

**R.L. SUTHARD, in his official capacity as the current Superintendent of the Virginia State Police, Defendant–Appellee.**

**No. 90–2908.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 4, 1990.

Decided March 4, 1991.

John Christian Lowe, argued, Charlottesville, Va., for plaintiff-appellant.

John Westrick, argued (Mary Sue Terry, Atty. Gen., K. Marshall Cook, Deputy Atty. Gen., John M. McCarthy, Sr. Asst. Atty. Gen., on brief), Richmond, Va., for defendant-appellee.

Before SPROUSE and CHAPMAN, Circuit Judges, and MERHIGE, Senior District Judge for the Eastern District of Virginia, sitting by designation.

CHAPMAN, Circuit Judge:

Plaintiff-appellant B.T. Leonard, Jr. (Leonard), a First Sergeant with the Virginia State Police, brought suit against R.L. Suthard, Superintendent of the Virginia State Police (Superintendent), alleging that his transfer from Charlottesville, Virginia to Richmond, Virginia was retaliatory and, as such, violated his constitutional rights. The district court granted the Superintendent's motion to dismiss, and Leonard appeals. We affirm.

## I.

In November of 1988, Leonard was issued a "Group One Offense" for allegedly violating weight guidelines in the State Police Manual. On November 28, 1988 while stationed in Charlottesville, he filed a grievance pursuant to the state employee grievance procedure. At each step of the grievance procedure, Leonard's successive supervisors denied his grievance. However, on February 13, 1989, the Superintendent, as the highest supervisor in the grievance procedure, determined that the grievance was appropriate for a grievance panel hearing.

On February 14, 1989, Leonard requested a panel hearing. On that same day, the Superintendent notified Leonard that he was being transferred to Richmond in two days. Leonard then filed a second grievance alleging that his transfer was an unlawful disciplinary and retaliatory act in response to his filing of the first grievance and his related request for a panel hearing. This second grievance is the subject of this lawsuit. In Virginia transfers are not grievable unless they are imposed for retaliatory or disciplinary reasons. Va.Code Ann. § 2.1–114.5:1 A(iii) (1987).

At all levels of the grievance procedure, Leonard's second grievance was denied. Leonard appealed to the Director of Employee Relations Counselors who ruled that the transfer had been retaliatory and disciplinary and, therefore, was grievable. The Superintendent rejected that advisory ruling and denied grievability. Leonard then appealed to the Circuit Court for Chesterfield County pursuant to Virginia Code section 2.1–114.5:1 E seeking review of the denial. The state court ruled that Leonard's transfer was not grievable. Under Virginia Code section 2.1–114.5:1 E, that decision is final and unreviewable.

Leonard then filed suit in federal district court alleging violations of federal constitutional rights in four counts. The district court dismissed all four counts; Leonard challenges the dismissal of Counts III and IV on appeal. *Leonard v. Suthard,* 737 F.Supp. 921 (W.D.Va.1990). Count III alleges that the transfer violated Leonard's first amendment right to redress grievances against the government, and Count IV alleges that the transfer violated Leonard's fourteenth amendment due process and equal protection rights.

The district court concluded that a prerequisite to the state court's holding that the transfer was not grievable was its finding that the transfer was not disciplinary. 737 F.Supp. at 924. This finding, the district court held, cannot be disturbed. *Id.* Since disciplinary reasons for the transfer are essential to Counts III and IV, the district court held that "[w]hether the counts [III and IV] are dismissed under *Feldman* or on the basis of *res judicata* appears immaterial; the net result will be the same." *Id.* We hold that, under the *Feldman* doctrine, the state court's decision may not be reviewed by the district court, and thus, we affirm the district court's dismissal.

## II.

In *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court held that federal district courts do not have the power to review determinations made in state judicial proceedings. *Id.* at 476, 103 S.Ct. at 1311. The Court stated that "[i]f the constitutional claims presented to a United States district court are inextricably intertwined" with the mer-

its of a state court judgment, "then the district court is in essence being called upon to review the state-court decision. This the district court may not do." *Id.* at 483–84 n. 16, 103 S.Ct. at 1315–16 n. 16. Such review is only available in the United States Supreme Court. *Id.* at 476, 103 S.Ct. at 1311.

■ The gravamen of Leonard's complaints both in the state and federal proceedings was his transfer from Charlottesville to Richmond. Leonard has never alleged that the state's administrative and judicial process was insufficient as a matter of law. Rather, Leonard challenges the result that was reached. Since it is judicial error that Leonard seeks to overturn, his district court complaint is in the nature of an appeal from the state court's decision, and, under *Feldman,* the district court correctly concluded that it lacked subject matter jurisdiction.

Although Leonard phrased Counts III and IV in terms of an attack on the "transfer" and not the state court judgment, the state action complained of was not complete until a final decision was reached in the state court. These counts are inextricably intertwined with the state court's ruling that the transfer was not grievable. Accordingly, the district court had no jurisdiction to hear them. *Czura v. Supreme Court of South Carolina,* 813 F.2d 644 (4th Cir.1987) (district court had no jurisdiction to hear bar admission applicant's claim that the state's bar admission rule was applied to him unconstitutionally, since the claim was inextricably intertwined with a state judicial determination denying the applicant's waiver of the rule).

■ In addition, although Leonard may have a property interest in continued employment which is protected by the fourteenth amendment, that property interest does not extend to the right to perform particular duties in a particular location. *See Himmelbrand v. Harrison,* 484 F.Supp. 803 (W.D.Va.1980) (the Virginia statutory scheme provides police officers with a property interest in continued employment). Therefore, even if Leonard were transferred in retaliation for bringing his first grievance procedure, that act does not violate his property interest. The state provides adequate procedural safeguards which were not only available to Leonard but were utilized by him.

For the foregoing reasons, the district court's dismissal is

AFFIRMED.