Bobbie M. DUGAN, Plaintiff,

v.

Helen I. CHILDERS, and United
States Army, Defendants.

No. CIV. A. 98–348.

United States District Court,
E.D. Virginia,
Alexandria Division.

June 3, 1998.

E. Blair Brown, Alexandria, VA, for Plaintiff.

Barry Dale Grant, Abbey & Arquilla, PC, Springfield, VA, for Helen I. Childers.

Helen F. Fahey, U.S. Atty., Thomas Ray Asst. U.S. Atty., Alexandria, VA, for U.S. Army.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter comes before the Court on Defendant Helen I. Childers' motion to dismiss or for a more definite statement. In this Complaint, the plaintiff, Bobbie M. Dugan, alleges that she married Marvin Childers in 1951 and that they were divorced by the Circuit Court of Fairfax County, Virginia in 1987. Plaintiff further alleges Mr. Childers, as part of his military retirement, named Plaintiff as the beneficiary of his retirement in the event that he predeceased her and that Mr. Childers, as part of the Property Settlement Agreement (PSA), agreed to continue Plaintiff as the survivor beneficiary of his

military retirement. That agreement was ratified, affirmed and incorporated into the Final Decree of Divorce in accordance with Virginia law.

In her pleadings, Plaintiff contends that Mr. Childers married Helen Childers in May 1994 and changed his retirement benefits to name Helen Childers as the survivor beneficiary. On September 27, 1996, the Circuit Court of Fairfax County found Mr. Childers in civil contempt of court and directed him to change the survivor beneficiary back to Plaintiff. However, Plaintiff alleges, Mr. Childers died on July 27, 1997, having never changed his survivor beneficiary and since Mr. Childers' death, Helen Childers has been receiving benefits as the survivor beneficiary of Marvin Childers.

Plaintiff has filed this suit for declaratory judgment and injunctive relief, requesting this Court to interpret the Property Settlement Agreement which was made a part of the Order entered by the Circuit Court of Fairfax County and determine the rights of the parties with respect to the survivor benefits.

■ Under the Rooker–Feldman doctrine, with the exception of habeas corpus actions, federal district courts lack the jurisdiction necessary to sit in direct review of state court decisions. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). In *Rooker,* the Supreme Court held that they were the only federal court empowered to review state court judgments. *See Rooker,* 263 U.S. at 416, 44 S.Ct. 149. The Court noted that federal district courts are conferred only original jurisdiction unless otherwise provided by statute and that any rule that allowed district courts to review claims previously adjudicated in state court would require district courts to exercise appellate jurisdiction. *See id.*

■ The Fourth Circuit has interpreted the Rooker–Feldman doctrine as divesting district courts of jurisdiction if considering the claim would be equivalent to " 'an appellate review of [the state court] order.' " *Jordahl v. Democratic Party of Virginia,* 122 F.3d 192, 202 (4th Cir.1997) (quoting *FOCUS v. Allegheny County Court of Common Pleas,* 75 F.3d 834, 840 (3d Cir.1996)) (alteration in original). Therefore, the controlling factor in determining the applicability of the Rooker–Feldman doctrine is whether the litigants seek to have the federal court assess the merits of a state court decision. *See Feldman,* 460 U.S. at 483–84 n. 16, 103 S.Ct. 1303; *Jordahl,* 122 F.3d at 202; *Ritter v. Ross,* 992 F.2d 750, 754 (7th Cir.1993). Additionally, federal district courts lack jurisdiction to hear constitutional claims that are "inextricably intertwined with the merits of a state court judgment." *Feldman,* 460 U.S. at 486–87, 103 S.Ct. 1303; *See Suarez Corp. Indus. v. McGraw,* 125 F.3d 222, 228 (4th Cir.1997); *Leonard v. Suthard,* 927 F.2d 168 (4th Cir.1991).

■ In this case, the Court is not directly asked to assess the merits of the state court decision. However, as any decision this Court makes determining the rights of the parties with respect to the survivor benefits would impact upon the Order entered by the Circuit Court of Fairfax County, this Court is being asked to hear a claim that is inextricably intertwined with the merits of the state court's judgment.

■ ▪ The claim for relief in this case essentially asks the Court to enforce a court order which arose from a domestic relations case and federal courts have traditionally abstained in such matters. *See Ohio ex rel. Popovici v. Agler,* 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed. 489 (1930); *McCarty v. McCarty,* 453 U.S. 210, 220, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). The United States Supreme Court has noted, "the whole subject of domestic relations of husband and wife ... belongs to the laws of the States and not to the laws of the United States." *In re Burrus,* 136 U.S. 586, 593–94, 10 S.Ct. 850, 34 L.Ed. 500 (1890). "State family and family-property law must do major damage to clear and substantial federal interests before the supremacy clause will demand that state law be overridden." *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 581, 99 S.Ct. 802, 59 L.Ed.2d 1 (citing *United States v. Yazell,* 382 U.S. 341, 352, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966)).

As long as the remedies provided by a state court are constitutional, federal court may not interfere with these remedies in areas of particular state concern. *See Caswell v. Lang,* 757 F.2d 608, 610 (1985). This matter arose from a court order in a domestic relations matter, an area of particular state concern and there is no constitutional issue in this case.

As detailed above, this Court does not have the authority to sit in appellate review of state court decisions and should not be involved in state court remedies unless there is a constitutional issue. There is no constitutional issue in this case. Further, this Court should not be involved in modifying state court orders. Therefore, this Court refrains from asserting jurisdiction over this matter and this case is dismissed without prejudice.

An appropriate order shall issue.

### ORDER

This matter comes before the Court on Defendant Helen I. Childers' motion to dismiss or for a more definite statement. For reasons stated in the accompanying memorandum opinion, it is hereby

ORDERED that this case is DISMISSED without prejudice.